JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP
7435 W. Azure Drive, Ste 110
Las Vegas, NV  89130
702-258-1183 ph/702-258-6983 fax
jp@kemp-attorneys.com
vneal@kemp-attorneys.com

*Attorneys for Plaintiff,*
*Hector Torres*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA
***

| | |
|---|---|
| HECTOR TORRES, | ) |
| | ) Case No.: 2:17-cv-01025-JAD-VCF |
| Plaintiff, | ) |
| vs. | ) |
| | ) **FIRST AMENDED COMPLAINT** |
| BELLAGIO, LLC, a Nevada corporation; | ) |
| | ) |
| Defendant. | ) |
| | ) |

COMES NOW Plaintiff, HECTOR TORRES by and through Counsel, the law firm of KEMP & KEMP, and hereby complains and alleges the following:

## JURISDICTION AND VENUE

1.  This is a civil action for damages brought by HECTOR TORRES ("Plaintiff") against his former employer, BELLAGIO, LLC ("Defendant") to redress its discriminatory treatment and retaliation against Plaintiff in violation of the American With Disabilities Act of 1990 (herein "ADA") as amended in January 2009, 42 U.S.C.A § 12101 *et. seq*.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

2.   On or about April 22, 2016, Plaintiff filed an unperfected Charge with the United State Equal Employment Opportunity Commission (herein "EEOC").

3.   Plaintiff signed the formal "Charge of Discrimination," with the EEOC on April 29, 2016 with Defendant BELLAGIO, LLC c/o MGM RESORTS INTERNATIONAL named as his employer.  **Exhibit 1**.

4.   On December 6, 2016, the EEOC issued Plaintiff a "Notice of Right to Sue." HECTOR TORRES (herein "Plaintiff") is filing this suit within the requisite 90 days of his receipt of that Notice.  **Exhibit 2**.

5.   Plaintiff has fully complied with all prerequisites under the American With Disabilities Act of 1990 (herein "ADA") as amended in January 2009, 42 U.S.C.A § 12101 *et. seq*., and Nevada state statutes to pursue these claims in this Court.

6.   Plaintiff timely files all claims.

## PARTIES

7.   Plaintiff is resident of Clark County, Nevada and was at all relevant times mentioned herein an employee at the Defendant's place of business in Clark County, Nevada.

8.   Defendant BELLAGIO, LLC, is a Nevada Limited Liability Corporation.  It has continuous and ongoing business operations in the state of Nevada and Clark County, engages in an industry affecting commerce, and employed more than 500 employees in the two calendar years preceding the events in question. It is an employer for purposes of the American with Disabilities Act of 1991 as amended in January 2009.

9.   Defendant BELLAGIO, LLC, as a fictional business entity, can only operate by and through its agents, directors, officers, managers, supervisors, and employees. Therefore,

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

wherever the identifying word Defendant is used in relationship to Defendant, it encompasses actions by and through its agents, directors, officers, managers, supervisors, and employees.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff was first employed by Defendant on November 16, 1998 as a Cook Helper in Defendant's Le Cirque restaurant at and had worked at various restaurants during his 18 year employment history with Defendant.  In 2005, Plaintiff bid on, and received, a position as a Cook at Le Cirque.

11. Plaintiff sustained an industrial injury on April 10, 2012, injuring his back while lifting a box of chicken.  Plaintiff sought immediate medical attention for his industrial injury being seen and treated by Concentra Medical Center's medical personnel.

12. Plaintiff was allowed by his doctors to return to work on April 12, 2012, but with restrictions limiting his workplace activities including a 10 pound lifting, pulling and pushing restriction.  Plaintiff was to be treated with light duty, medications, and physical therapy.

13. Plaintiff's follow up appointment with Concentra on April 23, 2012, saw the institution of additional restrictions to further aid in his recovery from the industrial injury.

14. On April 24, 2012, Plaintiff was placed on a light duty assignment in Defendant's Pool Café.

15. Plaintiff continued to experience symptoms from his industrial injury, but was released to full-duty without restriction on September 21, 2012, under a generally improved, but non-discharged status.

16. Plaintiff made informal requests of Management to provide him reasonable accommodations when he was experiencing distress from his industrial injury.  Plaintiff's request fell on Management's deaf ears.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

17. On October 24, 2012, Plaintiff filed a Charge with the EEOC for discrimination and retaliation in violation of the American With Disabilities Act among other claims.

18. On November 6, 2012, Plaintiff made a formal written request for reasonable accommodations to perform his job. Defendant provided Plaintiff a form to have his treating physician complete.

19. On November 14, 2012, Defendant was provided with Plaintiff's treating physician's recommendation and the criteria that Defendant should consider when providing reasonable accommodations to Plaintiff.  This included placing Plaintiff in a position where there would be limited standing, bending, pushing or pulling.

20. On December 27, 2012, Defendant denied Plaintiff's request for reasonable accommodation stating there is no reasonable accommodation available that would allow Plaintiff to perform the essential functions of his job. Ultimately, Plaintiff was terminated.

21. In February 2013, Defendant offered Plaintiff his job back and agreed to provide reasonable accommodations, as required by law.

22. Defendant breached its legal obligation and agreement to provide reasonable accommodations to Plaintiff almost immediately after his reemployment began.  On April 6, 2013, April 29, 2013, and May 15, 2013, Plaintiff provided Defendant with written statements regarding Management's refusal to allow Plaintiff reasonable accommodations.  This would be followed by a series of unfounded disciplinary actions taken against Plaintiff including write-ups, unpaid suspensions, and due process meetings. Plaintiff would retain his employment and soon was assigned as a cook in another of Defendant's restaurants, Snack's Kitchen.

23. Plaintiff sustained another industrial injury to his back on April 21, 2015.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

24. On or about April 23, 2015, Plaintiff was placed on a light duty assignment as a server in the employee's dining room ("EDR") the duration of which was "until released to return to full-duty work" by his "treating physician or until the assignment is completed."

25. On or about March 4, 2016, Plaintiff's treating physician determined he had achieved maximum medical improvement and would have permanent work restrictions due to the lumbar spine pathology noted on his radiographic studies.   Those permanent work restrictions cause substantial limitations to Plaintiff's major life activities including standing, lifting, bending, pushing, pulling, and working all which qualify as disabilities under the ADA.  Plaintiff was not released to full-duty, but was released to work with permanent work restrictions.

26. On March 17, 2016, during a meeting between Plaintiff and Defendant's Employee Relations representative, Jessica Harbaugh, Plaintiff requested he be provided the reasonable accommodation of continuing to work in the EDR. Plaintiff's proposed reasonable accommodation was denied.  Plaintiff was engaging in conduct protected under the ADA when he requested a reasonable accommodation.

27.  Defendant's documentation states Plaintiff would remain in his position as a server in the EDR "until released to return to full-duty work" by his "treating physician or until the assignment is completed." Plaintiff was not returned to full-duty. Furthermore, unless the EDR has closed (which it has not), the position Plaintiff held in the EDR for almost year was a position that Defendant needs to continue to fill. Such reasonable accommodation would have permitted Plaintiff to perform the essential functions of his job and would not have caused any undue hardship on Defendant. Defendant instead opted to terminate Plaintiff's employment.

28. Defendant is a self-insured employer and self-administers its workers' compensation claims. Defendant has access to Plaintiff's medical records as applies to his industrial injuries

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

and is aware of his diagnosis, the resulting work restrictions that were caused by his industrial injuries, and the resulting limitations to one or more of Plaintiff's major life activities including limited standing, bending, pushing, pulling and working.

29.   Defendant not only knew Plaintiff had a physical impairment within the meaning of the ADA that limits one or more of his major life activities because of his 2015 industrial injury, but Defendant also knew of his 2012 industrial injury, Plaintiff's request for a reasonable accommodation at that time, and the granting of an accommodation at that time. In other words, there was a record of Plaintiff having an ADA qualifying disability and Defendant regarded Plaintiff as being disabled providing him with a reasonable accommodation.

30. Plaintiff was qualified for his job with or without a reasonable accommodation and had been performing his job with an accommodation for almost two years prior to Defendant's second termination of his employment in April 2016.

31. On March 17, 2016, Defendant invited Plaintiff to apply for a new position through Defendant's Assisted Job Search program. Defendant utilizes this program to violate the ADA by manipulating disabled workers to leave employment by forcing injured workers to settle their workers' compensation claims with a vocational rehabilitation lump sum buyout rather than truly offering to accommodate their disability.    Among other provisions the workers' compensation Assisted Job Search Agreement includes Plaintiff waiving his right to initiate the job search so he can be released from Defendant's employment to enter Vocational Rehabilitation rather than engaging in an interactive process to maintain employment.   Defendant's documentation supports this by stating on April 21, 2016, Plaintiff "is a WC [workers' compensation] employee who is being termed [terminated] to Voc. Rehab [Vocational Rehabilitation]."

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

32. Vocational Rehabilitation is an avenue of settlement for workers' compensation claims. It is not a reasonable accommodation under the ADA.  An employee's rights under the ADA are separate from his entitlements under workers' compensation law. Defendant's Assisted Job Search program was not offered to Plaintiff as part of the ADA interactive process, but as part of his workers' compensation claim.

33. To participate in Defendant's Assisted Job Search program to address Plaintiff's workers' compensation claim, Plaintiff was required to sign the agreement stating he understood and agreed he was allowed to use the Assisted Job Search program for 30 days, that if he cannot find a position within that time he would be terminated, and that he was not guaranteed a position simply by participating in the Assisted Job Search program.

34. Defendant had an affirmative duty under the ADA to participate in good-faith in the interactive process. Even if it could be argued that Defendant's Assisted Job Search program for workers' compensation claims was an attempt to engage in the interactive process required under the ADA, offers which "invite" a disabled employee to apply and compete for a different job are not offers of a reasonable accommodation and violate the ADA.  In addition during the workers' compensation Assisted Job Search process, Defendant merely provided Plaintiff with job listings, but did not speak with Plaintiff about his ADA qualifying disability, did not explore Plaintiff's permanent work restrictions, did not converse with Plaintiff about what each job on the list required as far as physical limitations, did not discuss with Plaintiff whether he could fill any of the listed jobs with or without a reasonable accommodation, and did not ask Plaintiff to obtain a doctor's evaluation of his work restrictions and what accommodations would be required.  Instead, Defendant merely said Plaintiff could apply for and compete for open jobs

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

listed on the sheet and then terminated his employment.   This does not fulfill Defendant's affirmative duties and, thereby, violates the ADA.

35. Defendant terminated Plaintiff's employment on April 21, 2016.

**<u>FIRST CAUSE OF ACTION</u>:**
**DISCRIMINATION IN VIOLATION**
**OF THE AMERICANS WITH DISABILITIES ACT**

Plaintiff repeats and realleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

36. Plaintiff is a person with a disability pursuant to the Americans with Disabilities Act of 1990 as amended in January 2009 having sustained a back injury in 2012 and again in 2015 which substantially limited one or more his major life activities including standing, bending, pushing, pulling and working.

37. Plaintiff was qualified for his job and capable of performing the essential functions of the job with or without a reasonable accommodation and had been performing his job duties with an accommodation for two years prior to Defendant's termination of his employment.

38. Plaintiff had a record of an ADA qualifying disability dating back to 2012 of which Defendant was well-aware.

39. Defendant regarded Plaintiff as being disabled and provided Plaintiff with a reasonable accommodation beginning in 2013 for his disability which resulted from his 2012 industrial accident.

40. Defendant denied Plaintiff's suggestion of reasonable accommodation to allow him to remain in the EDR, a position he held for almost a year. Defendant offered no other reasonable accommodation nor did it explore with Plaintiff what other reassigned positions he might be able

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

to fill with or without an accommodation. Reasonable accommodation including, but not limited to, job modification, modification of policies, and job reassignment were available.

41. Defendant failed to engage in an interactive process calculated to develop a reasonable accommodation for Plaintiff, as more fully detailed herein. Such reasonable accommodation would have permitted Plaintiff to perform the essential functions of his job and would not have caused any undue hardship on Defendant.

42. Plaintiff posed no direct threat to the health or safety to himself or others in the workplace.

43. Defendant's acts constituted discrimination against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment in violation of the Americans with Disabilities Act as amended in January 2009.

44. Plaintiff suffered emotional distress, humiliation, and mental anguish.

45. Plaintiff suffered both economic and general non-economic damages as a direct and proximate result of Defendant's violation of the federal law.

46. Plaintiff has been required to hire an attorney and expend attorney fees and incur costs to pursue and protect his legal rights by this action.

47. Defendant's actions were taken with willful, wanton and reckless disregard of Plaintiff's rights under federal law. Plaintiff should be awarded punitive damages against the Defendants to make an example of the Defendants and to deter future conduct of this nature.

## SECOND CAUSE OF ACTION:
## RETALIATION
## IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

Plaintiff repeats and realleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

48. Plaintiff was engaging in conduct protected under the ADA when requesting an accommodation under the ADA.

49. Plaintiff was subjected to a materially adverse employment action at the time, or after, the protected conduct occurred, including Defendant's termination Plaintiff's employment on April 21, 2016.

50. There is a causal link between the protected activity and the adverse employment action with Plaintiff's termination coming immediately on the heels of his industrial injury which resulted in his ADA qualifying disability as explained herein.

51. Plaintiff's protected activity was the "but for" cause or motivating factor, in the adverse employment action.

52. Plaintiff suffered emotional distress, humiliation, and mental anguish.

53. Plaintiff suffered both economic and general non-economic damages as a direct and proximate result of Defendant's violation of the federal law.

54. Plaintiff is entitled to equitable and injunctive relief to, as the court deems appropriate, make him whole and to require that the Defendants no longer engage in retaliation against him in violation of the ADA.

55. Plaintiff has been compelled to hire an attorney and expend attorney fees and incur costs to pursue and protect his legal rights by this action.

56. As a result of Defendant's willful, wanton, and reckless violations of Plaintiff's rights under federal law, Plaintiff should be awarded punitive damages against the Defendants to make an example of the Defendants and to deter future conduct of this nature.

…

…

**WHEREFORE**, Plaintiff expressly reserves the right to amend his Complaint at or before the time of trial of the action herein to include all items of damages not yet ascertained, and demands all applicable relief including, but not limited to:

A. All applicable relief provided for provided for by the American With Disabilities Act of 1990 as amended in January 2009 and Nevada common law including, but not limited, to the following:

    1. Money damages to be proved at trial;

    2. Economic damages including, but not limited to, lost wages and benefits of employment, incidental and consequential damages;

    3. General damages including emotional distress and general economic harm;

    4. Punitive and/or Exemplary damages to deter the Defendants from future malicious, fraudulent, and oppressive conduct of a similar nature;

    5. Pre-judgment and post-judgment interest on the amounts awarded   at the prevailing legal rate;

    6. Equitable, extraordinary and/or injuctive relief in the form of an order reinstating Plaintiff to his position in accordance with the Americans with Disabilities Act

    7. For an additional amount to account for any increased taxes Plaintiff may be called upon to pay in relation to any award made herein;

    8. Reasonable attorney fees, reasonable expert witness fees, and other costs of the action pursuant to federal and state statute, agreement, or court rule;

…

…

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

B.   A trial by jury on all issues that may be tried to a jury; and/or

C.   For such other and further relief as the Court may deem just and proper.

DATED this 9th day of June, 2017.

/s/ Victoria L. Neal

JAMES P. KEMP, ESQ.
Nevada Bar No: 6375
VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP
7435 W. Azure Drive, Ste 110
Las Vegas, NV  89130
702-258-1183 ph./702-258-6983 fax
jp@kemp-attorneys.com
vneal@kemp-attorneys.com

*Attorneys for Plaintiff, Hector Torres*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the within and foregoing FIRST AMENDED COMPLAINT was served to all counsel and persons associated with this case via the court's CM/ECF system on the date below.

Hilary B. Muckleroy, Esq.
R. Calder Huntington, Esq.
MGM RESORTS INTERNATIONAL
840 Grier Drive
Las Vegas, NV 89119

*Attorneys for Defendant,*
*BELLAGIO, LLC*

DATED this 9th day of June, 2017.

_____/s/ Victoria L. Neal_____
VICTORIA L. NEAL, ESQUIRE

**KEMP & KEMP**
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983