# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

HECTOR TORRES,

        Plaintiff,

vs.

BELLAGIO, LLC,

        Defendant.

2:17-cv-01025-JAD-VCF

**ORDER**

MOTION TO COMPEL (ECF NO. 36); AND MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 30 AND 27 (ECF NO. 37)

Before the Court is Plaintiff Hector Torres' motion to compel (ECF No. 36) and motion for sanctions (ECF No. 37). For the reasons stated below, Plaintiff's motion to compel is granted, and Plaintiff's motion for sanctions is denied.

## **Background Information**

This case arises from Defendant Bellagio firing Plaintiff Torres. Bellagio employed Torres as a server in its Employee Dining Room. On April 21, 2015, Plaintiff suffered an injury to his back (ECF No. 20 at 4). Plaintiff was terminated on April 21, 2016 (*Id.* at 8). On February 25, 2017, Plaintiff brought suit against Defendant for violating the Americans with Disabilities Act (ECF No. 1 at 1). Discovery commenced on April 17, 2017 (ECF No. 16 at 1). On October 31, 2017, Defendant filed a motion for a protective order regarding the deposition of Fed. R. Civ. P. 30(b)(6) ("30(b)(6)") deponents (ECF No. 28 at 5). On November 17, 2017, the Court held a hearing on the motion, during which the Court made various rulings about limitations for 30(b)(6) topics (ECF No. 34). The Court ordered that "the parties will try and submit a stipulation as discussed during this hearing. If the parties are unable to agree to a stipulation then the emergency motion for protective order 28 will proceed as stated on the record." (*Id.*).

1 On December 5, 2017, Defendant designated Jessica Harbaugh as a 30(b)(6) deponent. (ECF No. 36-4). Ms. Harbaugh is an employee relations representative for Bellagio. (ECF No. 20 at 5). On the morning of December 15, 2017, Plaintiff and Defendant reached a Stipulation of Facts covering twenty-eight agreed upon topics. (ECF No. 36-7). Of particular relevance is topic twenty-eight. Topic twenty-eight pertains to an agreement by the two parties about when, and to what extent, Defendant Bellagio viewed the Plaintiff as disabled pursuant to the American Disabilities Act. (*Id.* at 6).

On the afternoon December 15, 2017, Plaintiff deposed Ms. Harbaugh both as a 30(b)(6) deponent and as a percipient witness. Plaintiff had given notice to Defendant that he intended to depose Ms. Harbaugh as a 30(b)(6) deponent as well as a percipient witness. (ECF No. 36-8). When the deposition of Ms. Harbaugh turned to the question of Torres' disability status, Plaintiff's counsel stated "Actually, I think that's another one that's covered by our stipulation, so we'll defer to the stipulation for that in terms of the Bellagio's answer. But as part of your personal deposition, did you understand that basically Hector had a disability?" (ECF No. 36-9 at 76).[1] Defendant's counsel objected, and instructed Ms. Harbaugh not to answer the question. (ECF No. 36-9 at 76). Plaintiff Hector Torres filed an emergency motion to compel further deposition of percipient witness Jessica Harbaugh and a motion for sanctions against Defendant. (ECF No. 36, and ECF No. 37). Specifically, Plaintiff seeks to further question Ms. Harbaugh about the topic Defendant told her not to respond too.

## **Analysis**

### **I.    Defendant's Instruction for Witness to not Answer Plaintiff's Question**

Plaintiff's motion argues that Defendant violated Fed. R. Civ. P. 30 when it instructed Ms. Harbaugh not to answer the question (ECF No. 36 at 10). Defendant contends that it instructed Ms. Harbaugh not to answer the questions in order to preserve a court ordered limitation (ECF No. 39 at 10). Specifically, Defendant alleges that they were preserving the limitation ordered by the Court by narrowing the deposition to facts that the stipulation did not cover. *Id.* Plaintiff argues that the court order that gave

---

[1] The Page Number in the citation refers to the page number of the deposition transcript.

rise to the stipulation only references deposition restrictions for 30(b)(6) deponents. (ECF No. 40 at 3). Plaintiff further argues that although Bellagio's understanding of Plaintiff's disability status had been stipulated to, they were entitled to question Ms. Harbaugh about her personal knowledge as a percipient witness. (ECF No. 36 at 3).

"As a rule, instructions not to answer questions at a deposition are improper." *Detoy v. City of San Francisco*, 196 F.R.D 362, 365 (N.D. Cal. 2000). An attorney "may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).

The Court did not order that the parties enter into a stipulation of the facts, nor did it set a limitation on discovery of percipient witnesses. The Court Order states only that "the parties will try and submit a stipulation as discussed during this hearing. If the parties are unable to agree to a stipulation then the emergency motion for protective order will proceed as stated on the record." (ECF No. 34). The record only pertains to discovery of 30(b)(6) deponents and topics. (Mins. of Hr'g, ECF No. 34 at 22:50) (where the Court states "that takes care of everything on the 30(b)(6) topics."); see also (ECF No. 28 at 1).[2] Both the Court's order and the transcript of the hearing are silent as to any limitations on deposing percipient witnesses. Thus, any court ordered limitation would only apply to 30(b)(6) deponents, and not to an individual be deposed as a percipient witness.

Since the Court has determined that the Order is silent as to percipient witnesses, the next inquiry is whether Ms. Harbaugh was being deposed as a 30(b)(6) deponent or as a percipient witness. A party can depose an individual both as a 30(b)(6) deponent and as a percipient witness. See *Dynetix Design Sols. Inc. v. Synopsys Inc.*, No. CV 11-05973 PSG, 2012 WL 5943105, at *2 (N.D. Cal. Nov. 27, 2012) (stating that "The designation of Chan as Dynetix's 30(b)(6) witness does not somehow divest Synopsys' right to

---

[2] ECF No. 28 is Defendant's motion for protective order, which explicitly asks the Court "to limit the scope of inquiry during the deposition of Bellagio's FRCP 30(b)(6)."

take individual deposition of Mr. Chan. Ninth Circuit courts have held that individuals noticed as an individual witness under Rule 30(b)(1) and also as the corporate representative under 30(b)(6)…").

In this instance, Plaintiff was questioning Ms. Harbaugh in her capacity as a percipient witness. Plaintiff noticed Defendant that it intended to depose Ms. Harbaugh as a percipient witness. (ECF No. 36-5). In fact, Plaintiff had designated Ms. Harbaugh as a percipient witness to be deposed before Defendant named her as a 30(b)(6) deponent. (ECF No. 36-3; ECF No. 36-5). Plaintiff also explicitly stated that he was not asking Ms. Harbaugh this question in her capacity as a 30(b)(6) deponent, but rather was asking as part of her personal deposition. (ECF No. 36-9 at 76). Since Plaintiff's question was directed at Ms. Harbaugh in her capacity as a percipient witness, the question was not covered by any Court ordered limitation. It was not proper for Defendant's counsel to instruct Ms. Harbaugh not to answer the question. The Court will grant Plaintiff further deposition of Ms. Harbaugh.

## II. Further Sanctions are not Appropriate in This Instance

Plaintiff also seeks sanctions against Defendant pursuant to Fed. R. Civ. P. 30(d)(2) and 37. If a motion to compel is granted, the court must "require the party or deponent whose conduct necessitated the motion" to pay reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A). The Court must not award said costs if the opposing party's non-disclosure was "substantially justified." *Id.* The Court generally has broad discretion in determining if a party's non-disclosure was substantially justified. *Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981). "A good faith dispute concerning a discovery question might… constitute 'substantial justification.'" *Id.* The Court may also "impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

The Court finds that financial sanctions or costs are not appropriate in the present instance. Pursuant to Fed. R. Civ. P. 37, the Court must not award costs if the opposing party's nondisclosure was "substantially justified." Here, Defendant argues that they believed they were following a Court ordered limitation when they instructed their client not to answer Plaintiff's question. The facts surrounding this

motion are complex. Defendant based its objection on a stipulation that the parties had agreed to only hours before the deposition. While the Court is not persuaded by Defendant's arguments, Defendant was substantially justified in thinking that the question asked of Ms. Harbaugh was subject to Court ordered limitations. The Court also finds that the Defendant's actions do not merit sanctions under Fed. R. Civ. P. 30(d)(2). Defendant only instructed Plaintiff to not answer one question, and did so in a professional manner. Plaintiff does not allege any other improper conduct by the Defendant during the deposition.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Further Deposition of Jessica Harbaugh (ECF No. 36) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs Motion for Sanctions (ECF No. 37) is DENIED.

IT IS SO ORDERED.

DATED this 13th day of February, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE