**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Hector Torres, | Case No.: 2:17-cv-001025-JAD-VCF |
| Plaintiff | **Order Granting Leave to File Surreply and Depose a Witness** |
| v. | |
| Bellagio, LLC, | |
| Defendant | |

Plaintiff Hector Torres sues his former employer, Bellagio, LLC, for failing to accommodate his disability under the Americans with Disabilities Act (ADA). In moving for summary judgment, Bellagio submitted a declaration from Michael Hadley, a witness it failed to disclose in violation of Federal Rule of Civil Procedure 26. Torres urges me to disregard Hadley's declaration entirely under Rule 37(c)(1), while Bellagio argues that the failure to disclose Hadley was harmless. Bellagio argues that even its failure to disclose Hadley wasn't harmless, I should impose a less-severe sanction. To cure the potential prejudice to Torres, I grant him leave to depose Hadley and file a surreply.

**Discussion**

Rule 26(a)(1)(A)(i) requires parties to disclose the names and contact information of individuals "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses . . . ."[1] Failure to comply with that rule triggers the sanctions in Rule 37(c)(1), which states that a party who fails to disclose a witness as required in Rule 26(a) may not rely on that witness's testimony "unless the failure was substantially justified or

---

[1] Fed. R. Civ. P. 26(a)(1)(A)(i).

harmless."[2] The party facing sanctions under Rule 37 has the burden of showing substantial justification or harmlessness.[3] Courts have outlined several factors for determining whether substantial justification or harmlessness exist, including (1) prejudice or surprise to the party against whom the evidence is offered, (2) the ability of that party to cure the prejudice, (3) the likelihood of disruption of trial, and (4) bad faith or willfulness in not timely disclosing the evidence.[4] No trial has been set, so there would be no disruption if the declaration were allowed, and I find no evidence of bad faith or willfulness in Bellagio's failure to disclose Hadley. My analysis therefore rests on the first and second factors: potential prejudice to Torres and the potential to cure the prejudice.

Torres argues that I should disregard Hadley's declaration entirely because he would be "extremely prejudiced" otherwise. He argues that Bellagio relies heavily on Hadley's declaration to establish a cook's essential job functions and without having had the opportunity "question or test" Hadley's statements, he cannot respond to any of Bellagio's arguments on that point. Bellagio admits that it failed to disclose Hadley but argues that the failure was harmless. It uses two new declarations from previously disclosed witnesses—Edmund Wong and David Grupe—to support its argument that the information in Hadley's declaration was not unique to Hadley and couldn't have been a surprise to Torres. Bellagio argues that because Torres knew about Wong and Grupe and simply chose not to depose them, it should at least be allowed to support its arguments with the two new declarations that are substantially similar to Hadley's.

---

[2] Fed. R. Civ. P. 37(c)(1).

[3] *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106–07 (9th Cir. 2001).

[4] *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003); *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. Appx. 705, 713 (9th Cir. 2010).

2

Bellagio relies heavily on Hadley's declaration in its arguments about a cook's essential job functions and the reasonableness of Torres's requested accommodations. Hadley's statements are used not only on their own, but also to bolster the testimony of Jessica Harbaugh, the human-resources representative who worked on Torres's case. And even though Wong and Grupe were previously disclosed, submitting their declarations in reply still doesn't allow Torres the chance to respond to the statements in those declarations. The net result is that Torres has not had a reasonable opportunity to respond to Bellagio's arguments on these points. Most troubling is Torres's inability to counter Hadley's statements about essential job functions, a key piece of the analysis of whether Torres was a qualified individual entitled to protections under the ADA. Torres would be substantially prejudiced if I considered Hadley's declaration. But Bellagio asserts that any potential prejudice easily could be cured by granting a short continuance to allow Torres to depose Hadley and file a surreply to address his testimony.

I conclude that Torres should be given the opportunity to respond to the new evidence that Bellagio presented through Hadley's declaration and in its reply through Grupe's and Wong's declarations. I therefore grant Torres leave to depose Hadley and to file a surreply addressing Hadley's testimony and the declarations from Wong and Grupe that Bellagio filed with its reply.

**Conclusion**

IT IS THEREFORE ORDERED that Torres is granted leave to depose Michael Hadley. Bellagio must pay all costs related to the deposition, including reporter fees.

IT IS FURTHER ORDERED that Torres may file a surreply addressing the declarations of Hadley, Grupe, and Wong by February 28, 2019.

Dated: January 29, 2019

    _____
U.S. District Judge Jennifer A. Dorsey